# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES VASSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    3:24-CV-257-CLC-DCP |
| | ) | |
| ANDERSON COUNTY DETENTION | ) | |
| CENTER DOCTOR and ANDERSON | ) | |
| COUNTY DETENTION CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, an inmate housed in the Anderson County Detention Center ("ACDC"), filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting that he has not received adequate medical care while incarcerated in the ACDC [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 2], his jail financial documents [Doc. 3], and a motion to appoint counsel [Doc. 4]. For the reasons set forth below, Plaintiff's motion to appoint counsel [Doc. 4] will be **DENIED**, his motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**, and this action will be **DISMISSED without prejudice** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I.    COUNSEL

In support of his request for appointment of counsel, Plaintiff states that (1) "[he] is unable to afford counsel [and] has requested leave to proceed *in forma pauperis*"; (2) "[his] imprisonment will greatly limit his ability to litigate," "[t]he issues involved are complex [and] will require significant research [and] investigation," and "[he] has limited access to the law library [and] limited knowledge of the law"; (3) "[a] trial in this case will likely involve conflicting testimony,

and counsel would better enable Plaintiff to present evidence and cross examine witnesses"; and (4) "[he] has made several attempts to obtain counsel without succes[s] as the attorneys he has attempted to retain are financially out of reach of [him] [and] his family" [Doc. 4 at 1–2].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

As to the first two factors, as set forth above, Plaintiff's only claim for relief alleges that he has not received adequate medical care, which is a standard prisoner § 1983 claim that is not factually or legally complex. As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claim. Also, Plaintiff's allegations regarding his incarceration, self-representation, and lack of an attorney are typical of prisoner plaintiffs.

Thus, Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, and his motion to appoint counsel [Doc. 4] is **DENIED**.

## II. FILING FEE

As it appears from Plaintiff's financial documents [Docs. 2, 3] that he cannot pay the filing fee, his motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## III.    COMPLAINT SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

3

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff has been incarcerated in the ACDC since about January 5, 2024 [Doc. 1 at 3]. In the beginning of February 2024, Plaintiff saw a doctor and showed him a wound that had begun to turn black "due to circulation issues" [*Id.* at 4]. The doctor said he would recommend that Plaintiff serve his sentence in a prison because he did not believe that the ACDC could provide Plaintiff with the required medical care, and a prison would "better care for [Plaintiff's] medical needs" [*Id.*]. On May 9, 2024, Plaintiff filed a grievance stating that he had not received treatment for his leg or a transfer [*Id.*]. The response indicated that Plaintiff should send the grievance to medical [*Id.*]. Plaintiff appealed because he was unable to direct the grievance to medical [*Id.*].

Plaintiff also states that "[he] [has] received at best minimal care/treatment for [his] wound" even though he has been charged "for the same chronic treatment," and that he has received "zero care/treatment for [his] poor circulation and pain from the circulation issue" [*Id.*]. Plaintiff further claims that two years ago, he was diagnosed with neuropathy, for which (1) he was prescribed two medications he has not received and (2) he has not received treatment [*Id.*].

Plaintiff sued the ACDC Doctor, for whom he does not provide a name, and the ACDC [*Id.* at 1, 3]. As relief, he seeks punitive damages and declaratory and injunctive relief [*Id.* at 5].

4

**C.    Analysis**

First, Plaintiff's claim against the unnamed ACDC Doctor fails to commence a civil action against this unnamed individual. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Thus, unless and until Plaintiff files an amended complaint naming this individual, his allegations against this unknown ACDC Doctor "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Accordingly, this Defendant will be **DISMISSED**.

And while Plaintiff has also sued the ACDC, this jail facility is not a "person" subject to § 1983 liability. *See, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Moreover, to state a claim against Anderson County, the municipality that runs the ACDC, Plaintiff must plausibly allege that a custom or policy of this entity caused a violation of his constitutional rights. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Plaintiff has not done so. The only allegation of Plaintiff's complaint that the Court can liberally construe to attempt to allege that a custom or policy of Anderson County caused any violation of his rights is his allegation that he has been charged for chronic care treatment. However, the ACDC's alleged policy of charging Plaintiff for medical treatment does not violate Plaintiff's constitutional rights. *See Bailey v. Carter*, 15 F. App'x 245, 2001 WL 845446 (6th Cir.

July 20, 2001) (holding policy requiring payment for medical services, where funds are available, does not violate an inmate's constitutional rights); *Jones v. Clark Cnty.*, 666 F. App'x 483, 486 (6th Cir. 2016) (affirming dismissal of inmate's allegation that a jail had billed him for the costs of his incarceration without prior process, concluding that mere billing does not implicate due process rights); *Sickles v. Campbell Cnty.*, 501 F.3d 726, 730–32 (6th Cir. 2007) (holding due process is not violated when funds are withheld from an inmate's account for booking and housing costs).

Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

## IV.    CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.  The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.  Plaintiff's motion to appoint counsel [Doc. 4] is **DENIED**;

6.  Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7.  Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

7